UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA L. MEADE, :
:
       Plaintiff, :
:
v. : CASE No. 8:03-CV-2001-T-TGW
:
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
       Defendant. :
_____ :

O R D E R

This cause came on for consideration upon the plaintiff's Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. §2412 (Doc. 25) and the defendant's response thereto (Doc. 26). Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of an attorney's fee under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,654.18 in an attorney's fee.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. This matter was reversed and remanded to the Commissioner of Social Security by order of this court dated December 29, 2004 (Doc. 23). Judgment was therefore entered in favor of the plaintiff (Doc. 24). The plaintiff then filed this application for an attorney's fee under the EAJA.

The EAJA requires a court to award an attorney's fee and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of an attorney's fee in the amount of $3,654.18 (Doc. 25). The defendant has responded to the motion and has no objection to the relief requested (Doc. 26).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of an attorney's fee would be unjust. Consequently, the plaintiff is entitled to an award of an attorney's fee.

The claim of 24 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $147.96 per hour for work performed in 2003, to $152.78 per hour for work performed in 2004 and to $153.98 per hour for work performed in 2005. In light of the defendant's agreement to the plaintiff's requested attorney's fee, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Accordingly, the plaintiff will be awarded an attorney's fee in the amount of $3,654.18.

For the foregoing reasons, the plaintiff's Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. §2412 (Doc. 25) be, and the same is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $3,654.18 in an attorney's fee to be paid by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 22nd day of April, 2005.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE